UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Lisa C. Turbeville, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | _____ |
| v. | ) | |
| | ) | |
| Viking Collection Service, Inc. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Lisa C. Turbeville, for actual and statutory damages, attorneys' fees, and costs for Defendant Viking Collection Service Inc.'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367.

3. Venue is proper in the Florence Division because the Plaintiff resides in Florence County and the Defendant transacted business in this division.

## PARTIES

4. The Plaintiff, Lisa C. Turbeville, is a resident and citizen of the State of South Carolina, Florence County, and is over the age of twenty-one (21) years.

5. The Defendant, Viking Collection Service, Inc. (hereinafter referred to as "Viking"),

is a Minnesota corporation with its principal place of business at 7500 Office Ridge Circle #100, Eden Prairie, Minnesota, 55344. The Defendant was in all respects and at all times relevant herein doing business in the state of South Carolina. Defendant Viking may be served through its CEO, Gene Kloeckner. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Florence County, South Carolina and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. From January 2010, and continuing through the date of the filing of this Complaint, the Defendant Viking, its agents and employees, called the Plaintiff 3-4 times per week with the intent to harass, annoy, and intimidate the Plaintiff.

7. In February, 2010, the Plaintiff spoke with a representative from Viking and explained to them she could not pay this account. The representative told the Plaintiff she would be sued if she did not immediately settle or agree to make payments. In response, the Plaintiff agreed to make payment arrangements to avoid a lawsuit.

8. After the first payment was taken by the Defendant, the Plaintiff called to stop the payments because she could simply not afford them. The Defendant was very rude to the Plaintiff and told her it was "too late" to stop the automatic payment for April. The Defendant also told the Plaintiff that they were going to continue to call her even though the Plaintiff had asked them to stop.

9. When the Defendant attempted to run the payment through for April, it bounced due

to insufficient funds. After the payment did not go through, the Defendant began calling even more to attempt to collect on the account.

10. Since April, 2010, the Defendant has been telephoning the Plaintiff everyday.

11. The Defendant has also been leaving messages on Plaintiff's exclusive work cell phone.

12. Since January 2010, the Defendant has called the Plaintiff more than 100 times.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

13. The Plaintiff adopts the averments and allegations of paragraphs 6 through 12 hereinbefore as if fully set forth herein.

14. Defendant Viking has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

15. Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff, including calling the Plaintiff on her work cell phone.

16. Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).

17. The Defendant threatened to take action that could not legally be taken or which they did not intend to take in violation of §1692e(5).

18. As a proximate result of Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, humiliation, fear, frustration, loss of peace and quiet, loss of sleep, family discord, anxiety, nervousness, physical sickness, physical pain and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

19. The Plaintiff adopts the averments and allegations of paragraphs 6 through 18 hereinbefore as if fully set forth herein.

20. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

21. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina law.

22. Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

23. Defendant negligently failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

24. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, family discord, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

25. The Plaintiff adopts the averments and allegations of paragraphs 6 through 24

hereinbefore as if fully set forth herein.

26. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

27. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and South Carolina law.

28. Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

29. Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA and South Carolina law as it relates to communications with consumers.

30. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, family discord, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant as follows:

   a. Statutory damages of $1,000 from Defendant Viking for its violations of the FDCPA (15 U.S.C. §1692k);

   b. Actual damages for Defendant's violations of the FDCPA;

   c. Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. § 1692k;

   d. Compensatory and punitive damages against Defendant in an amount to be

     determined by a struck jury on Plaintiff's state law claims for damages due to the Defendant's Negligent Training and Supervision, and Reckless and Wanton Training and Supervision;

e.    For this matter to be heard by a jury; and

f.    For such other and further relief as the Court may deem just and proper.

    s/ Penny Hays Cauley
    Penny Hays Cauley, Fed ID #10323
    Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

    s/ Penny Hays Cauley
    Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL, RESTRICTED DELIVERY**
Gene Kloeckner, CEO
Viking Collection Service, Inc.
7500 Office Ridge Circle #100
Eden Prairie, MN 55344